IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. COULTER, # B86313, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-cv-38-DRH |
| | ) |
| MICHAEL MAGANA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner James A. Coulter, who is currently incarcerated in Stateville Correctional Center ("Stateville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner is serving concurrent terms of natural life imprisonment for two counts of first degree murder.  He now seeks reversal of his 2008 conviction and sentence on constitutional grounds (Doc. 1, p. 24).  He also seeks reconsideration of his petition for post-conviction relief.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition and exhibits, the Court concludes that the one-year time limit for filing a § 2254 habeas petition has expired.  Accordingly, petitioner is not entitled to

relief, and the petition must be dismissed.

## I. THE HABEAS PETITION

Following a jury trial, petitioner was found guilty of two counts of first degree murder (Doc. 1, p. 4). He was sentenced to concurrent terms of natural life imprisonment on March 6, 2008 (Doc. 1, pp. 3, 27-28). Petitioner appealed his conviction on March 12, 2008 (Doc. 1, p. 4). The appellate court affirmed the conviction on September 15, 2009. *People v. Coulter*, 984 N.E.2d 217 (Ill. App. 2009) (Table). Petitioner then sought review of the appellate court's decision in the Illinois Supreme Court (Doc. 1, p. 4). The Illinois Supreme Court denied his petition for leave to appeal ("PLA") on January 27, 2010. *People v. Coulter*, 924 N.E.2d 457 (Ill. 2010) (Table) (Doc. 1, pp. 4, 25).

Petitioner also challenged his conviction and sentence in a petition for post-conviction relief, which he filed in Franklin County, Illinois Circuit Court on June 23, 2010 (Doc. 1, p. 5). The trial court summarily dismissed his petition on September 22, 2010 (Doc. 1, pp. 7, 26). Petitioner sought review of the trial court's decision with the appellate court. *People v. Coulter*, No. 05-10-0548, 2012 WL 7064593, at *1 (Ill. App. 2012) (unpublished). The appellate court affirmed the trial court's summary dismissal of the post-conviction petition on October 18, 2012. *Id.* Petitioner did not file a PLA with the Illinois Supreme Court until November 13, 2013 (Doc. 2, p. 1).

In the habeas petition, petitioner now seeks reversal of his conviction based on the ineffective assistance of his trial counsel (Doc. 1, p. 12). Petitioner claims

that his trial counsel failed to do the following: (1) present his fitness to the trial court; (2) notify the trial court that he was taking psychotropic medication; (3) conduct any pretrial investigation that would have produced impeaching material; (4) produce impeaching audiotapes; (5) investigate the victim's neighbors or their statements; or (6) conduct any pretrial investigation regarding threats allegedly made by the state's attorney against his sister (Doc. 1, pp. 12-21). Petitioner also seeks reversal of his sentence based on the jury's failure to find aggravating factors (i.e., firearm) that were necessary for his sentence enhancement (Doc. 1, pp. 9-11).

## II. DISCUSSION

Under 28 U.S.C. § 2244(d)(1), a petitioner has a one-year period in which to file an application for a writ of habeas corpus. According to § 2244(d)(1)(A), "the statute of limitations . . . begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time [90 days] allotted for filing a petition for writ." *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Put differently, the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's one-year time period for filing a habeas action began to run on

April 28, 2010. The Illinois Supreme Court denied his PLA in the direct appeal on January 27, 2010. *See People v. Coulter*, 924 N.E.2d 457 (Ill. 2010) (Table) (Doc. 1, pp. 4, 25). Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. Therefore, the statute of limitations for this habeas action began to run after the 90-day period for seeking *certiorari* review expired. *See id*. That deadline expired on April 27, 2010. Therefore, the one-year statute of limitations period on this habeas action began to run on April 28, 2010.

Under some circumstances, the one-year limitation period is tolled. According to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection" (emphasis added). In petitioner's case, the limitation period was tolled after 56 days, when he properly filed a petition for post-conviction relief in state court on June 23, 2010. Tolling ended after the appellate court affirmed the summary dismissal of the post-conviction petition on October 18, 2012, and petitioner neglected to file a PLA with the Illinois Supreme Court. *See Griffith v. Rednour*, 614 F.3d 328, 329 (7th Cir. 2010). Petitioner had 35 days to do so. *Id*. Therefore, after November 22, 2012, the one-year period continued running. At that point, he had 309 days remaining to file the action but failed to do so until 417 days later on January 13, 2014. In all, petitioner allowed 473 days to pass before filing this habeas action. The habeas petition is therefore untimely.

The fact that petitioner belatedly filed a PLA regarding his post-conviction does not change this result. He filed the PLA on November 13, 2013 (Doc. 2). Even if the Illinois Supreme Court allows him to proceed with his appeal, the post-conviction matter was not "pending" between November 23, 2012, and November 13, 2013. *See Griffith*, 614 F.3d at 330 (citing *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000) ("It is sensible to say that a petition continues to be 'pending' during the period between one court's decision and a timely request for further review by a higher court (provided that such request is filed); it is not sensible to say that the petition continues to be 'pending' after the time for further review has expired without action to continue litigation. . . . *Fernandez* holds that, if a state court accepts an untimely filing, a proceeding is 'pending' from the paper's filing date.") In other words, the instant habeas action was filed well beyond the one-year deadline, regardless of the Illinois Supreme Court's ultimate decision on the PLA. Based on the foregoing discussion, the habeas petition (Doc. 1) shall be dismissed.

### III.     PENDING MOTIONS

Petitioner has filed a motion to stay (Doc. 2), which shall be denied. In the motion, petitioner seeks equitable tolling of the one-year period for filing this action. A state prisoner is entitled to equitable tolling of the limitations period for filing a federal habeas petition only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. 28 U.S.C. § 2244(d)(1)(A); *Obriecht v. Foster*, 727

F.3d 744, 748 (7th Cir. 2013). Petitioner cites his limited legal knowledge, legal assistance, and library access as the reasons he failed to timely file his PLA and habeas petition (Doc. 2, p. 1). However, the motion indicates that "during this time frame, petitioner was informed that he may file his Petition for Habeas Corpus . . ." (Doc. 2, p. 1). Even so, he made no attempt to do so in a timely manner. Without more, the motion fails to set forth a compelling or adequate reason for granting petitioner's request for equitable tolling in this case. Accordingly, the motion (Doc. 2) is **DENIED**.

Petitioner has also filed a motion to appoint counsel (Doc. 4), which is **DENIED** as **MOOT**.

### IV.    DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition was not timely filed, and therefore petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that

its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 11th of February, 2014.

                                                                          Digitally signed by David R. Herndon
Date: 2014.02.11 13:54:46 -06'00'

                                                                          **Chief Judge**
**United States District Court**